UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:02CR-27-H

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.

WILLIAM RAY LITTLE                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The parties raised a number of issues in their sentencing memoranda. After testimony, briefing and a hearing, the Court has sufficient information to resolve them.

Defendant was charged in a three count indictment. The first count charged that he engaged in the business of dealing firearms without a valid license to do so. The second count charged that, being previously convicted of a felony, he possessed seventeen specifically identified firearms. The third count concerned forfeiture of property. On October 2, 2003, Defendant entered a guilty plea as to the first two counts of the indictment pursuant to a Plea Agreement. He pled guilty to possession of the seventeen firearms listed in count two. The United States Attorney specifically recited that sixteen weapons were purchased from pawn shops and eighteen weapons seized at his home.

The United States argues that under 18 U.S.C. § 921(a)(30) the base offense level is 22 and that it must be increased to 28 pursuant to Section 2k.2.1(b)(1)(c) of the Guidelines because Defendant possessed more than 25 firearms. Defendant says that his sentence cannot be based upon more than the number of weapons charged in the indictment unless the number is

determined by a jury trial. The Court respectfully disagrees. Under *United States v. Booker*, 125 S. Ct. 738 (2005), the sentencing guidelines are now advisory. The Supreme Court has not altered the traditional role of judges to decide sentencing issues based upon a preponderance of the evidence. Indeed, *Booker* restored that traditional role. The United States and Defendant may present evidence of conduct relevant to sentencing both within and outside the advisory range. The Court evaluates the relevant conduct under a preponderance of the evidence standard and applies it in an advisory manner.

      The parties disagree initially as to the base level of the offense. The pre-sentence report recommends that the base offense level under 2k.2.1(a)(3) of the Guidelines is 22 as a consequence of 18 U.S.C. § 921(a)(30). Defendant says that the Court cannot consider that one of the charged weapons may be semi-automatic. The Court disagrees. The United States is entitled to prove that a weapon charged in the indictment is a semi-automatic. Having heard the evidence, the Court determines that one of the weapons charged was in fact a semi-automatic. Therefore, the correct base offense level is 22 pursuant to 18 U.S.C. § 921(a)(30) under the advisory guidelines.

      The parties have argued about the number of fire arms involved in the offense. Defendant pled guilty to charges in the indictment of possessing 17 specifically identified firearms. These firearms were located in a house owned by a co-defendant but occupied at different times by Defendant. The United States argues that Defendant's girlfriend purchased sixteen (16) other weapons and that Defendant had a role in selling them. The United States presented convincing evidence that Defendant was involved in the purchase and transfer of at least ten (10) other weapons. Therefore, the Court will apply a six level increase for the number

of weapons charged in the indictment and admitted by Defendant. Therefore, the offense level is 28, prior to consideration of acceptance of responsibility.

The final issue of contention is whether Defendant is entitled to credit for acceptance of responsibility. The United States presented two witnesses who testified that Defendant engaged in a transaction involving guns after he had entered his guilty plea on October 6, 2003.

The testimony of Bartlett and Crihfield is filled with inconsistency. It appears that both Bartlett and Defendant were attempting to gain favor with prosecutors. Each claimed that the other unlawfully possessed weapons. Each ostensibly sought to provide information to Special Agent Laura Volk. Neither is trustworthy. For instance, Defendant neglected to tell that he had supplied some weapons to Bartlett. However, the United States has not produced testimony even from Bartlett and Crihfield that Defendant made transactions after his plea agreement. In fact, all the actual transactions occurred prior to his plea. Defendant's subsequent taped conversations with Bartlett do not show convincing evidence of his intent to purchase more weapons. Defendant has pled guilty. Evidence of his subsequent conduct is not sufficient to overcome the force of that plea and forfeit his receipt to the three point reduction under the advisory guidelines.

As a consequence of these decisions, Defendant's offense level is determined to be 25 and, therefore, the advisory guideline range is 57-71 months. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court will set a date for sentencing at the convenience of the parties and will hear argument on sentencing consistent with the findings in this Memorandum Opinion.

cc: Counsel of Record